IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JESUS GREGORIO MACIAS-MUNOZ, # 62259-080**                                   **PETITIONER**

**V.**                                                **CIVIL ACTION NO. 5:12cv85-DCB-MTP**

**ARCHIE B. LONGLEY**                                                          **RESPONDENT**

## REPORT AND RECOMMENDATION

This matter is before the court on the Respondent's Motion to Change Venue [8]. Having considered the submissions of the parties and the applicable law, the undersigned recommends that Respondent's Motion [8] be granted.

## Background

On January 27, 1995, Petitioner Jesus Gregorio Macias-Munoz was convicted of eight counts of federal drug-trafficking crimes, including (at issue here) laundering monetary instruments in violation of 18 U.S.C. § 1956(a)(1) (count three), in the U.S. District Court for the Western District of Texas. *See* Ex. 1 to Response [7-1]. Petitioner was sentenced to life imprisonment, to be served concurrently with various other sentences, including 210 months for count three. *Id.* On appeal, Petitioner's conviction on count six (laundering monetary instruments) was reversed, and his sentence on counts ten and eleven (using a telephone to commit a crime of violence to further an unlawful activity) was vacated and remanded. *United States v. Gaytan,* 74 F.3d 545, 562 (5th Cir. 1996). With leave of court, the Government instead dismissed those two counts in April 1996. *See* Fed. R. Crim. P. 48(a). *United States v. Macias-Munoz*, 460 F. App'x 426, 427 (5th Cir. 2012). In February 2011, Petitioner moved to vacate the dismissal and reinstate his convictions on those counts, claiming he had not been advised of the Government's motion when it was filed. *Id.* at 427. The district court dismissed

Petitioner's motion, and the court's ruling was affirmed on appeal. *Id.*

Petitioner filed his petition for habeas corpus relief [1] pursuant to 28 U.S.C. § 2241 on June 18, 2012. Petitioner is currently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"). In his petition, Petitioner states the following grounds for relief: 1) he is innocent of committing money laundering because the government failed to establish that he had the purpose to conceal or disguise, an attribute listed in 18 U.S.C. § 1956; and 2) his petition falls under the "savings clause" of title 28 U.S.C. § 2255(e) because any other motion pursuant to title 28 U.S.C. § 2255 is inadequate and ineffective to test the legality of his detention. Petitioner asks the court to vacate and set aside his sentence and conviction for count three imposed by the district court.

In his Motion to Change Venue [8], Respondent argues that pursuant to 28 U.S.C. § 1406(a), the interests of justice would best be served if the U.S. District Court for the Western District of Texas, the original federal district court that rendered the Judgment in a Criminal Case on January 27, 1995, resolved the money laundering sentence reduction issue of the instant 2241 petition.

Petitioner opposes the Motion [8], claiming Respondent had a duty to ascertain all relevant documents concerning his judgment and sentence so this court could decide the issue. *See* Response [11].

## Analysis

Section 2241 provides the general jurisdictional basis for federal courts to consider challenges to both state and federal judgments. *See* 28 U.S.C. § 2241; *Noil v. La. Div. of Prob. & Parole*, No. 1:07cv577, 2008 WL 686209, at *1 (E.D. Tex. Mar. 7, 2008). Generally, jurisdiction for core habeas petitions challenging present physical confinement lies in the district

of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). As Respondent points out, this court is faced with an inmate confined in Mississippi challenging a criminal case in Texas. In this circumstance, the Supreme Court has held that section 2241 allows concurrent jurisdiction over the petition by both the district court in the district where the petitioner is confined and the district court which imposed the confinement. *Braden v. 30th Judicial Cir. Ct.,* 410 U.S. 484, 498-99 (1973).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C.A. § 1404(a). The Respondent argues, and this court agrees, that the interests of justice would best be served if the original federal district court that rendered the Judgment in a Criminal Case on January 27, 1995 (the U.S. District Court for the Western District of Texas), resolved the money laundering sentence reduction issue raised in the instant 2241 petition. The court records relative to the criminal background sentencing under count three for laundering monetary instruments are retained by the District Court of the Western District of Texas, and the prosecutors and witnesses are likely located there.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of the undersigned that Respondent's Motion to Change Venue [8] be granted and that this case be transferred to the U.S. District Court for the Western District of Texas as Petitioner's sentencing court for consideration of the merits of his claims.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the

recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    THIS, the 20th day of February, 2013.

                                       s/Michael T. Parker
                                       United States Magistrate Judge