```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION
```

**JESUS GREGORIO MACIAS-MUNOZ, # 62259-080                    PETITIONER**

**V.                                    CIVIL ACTION NO. 5:12cv85-DCB-MTP**

**ARCHIE B. LONGLEY                                             RESPONDENT**

## OPINION AND ORDER

Before the Court is Respondent's Motion to Change Venue [**docket no. 8**] and the Report of the Magistrate Judge [**docket no. 14**] recommending that Respondent's Motion should be granted. Petitioner Macias-Munoz objects to any transfer of venue primarily because he believes that defending his petition in the present venue would not inconvenience Respondent. Having carefully considered the matter, this Court finds that transfer of the habeas corpus petition is not necessary because this Court can readily determine that the petition fails on the merits. Therefore, this Court will dismiss the habeas corpus petition with prejudice.

Congress has provided that 28 U.S.C. § 2255 is the exclusive vehicle for a prisoner to collaterally attack his federal sentence, and a section 2255 motion to vacate, amend, or correct the sentence must be filed with the sentencing court. But the "savings clause" of that same statute, 28 U.S.C. § 2255(e), allows a federal prisoner to collaterally attack his sentence by petitioning for a writ of habeas corpus under 28 U.S.C. § 2241 if it appears "that the remedy by motion is inadequate or ineffective to test the legality of his detention." Unlike section 2255 motions, section

2241 petitions are filed in the district of the prisoner's confinement. Here, Macias-Munoz, who is serving a federal sentence within the territorial jurisdiction of this Court, claims that his only remedy arises under section 2255's savings clause, and he has therefore appropriately filed the instant section 2241 habeas corpus petition with this Court. See generally, Harris v. Holder, 483 F. App'x 906 (5th Cir. 2012) (discussing, briefly, the differences between section 2255 and section 2241, and the interaction between the two). Taking Macias-Munoz's petition at face value, this Court unquestionably has the authority to decide whether a writ of habeas corpus should issue.

Considering the merits of Macias-Munoz's petition, it is unnecessary to transfer it inasmuch as it is clear from the petition's face that Macias-Munoz is not entitled to relief under section 2255's savings clause. The Fifth Circuit has held that the savings clause applies only when the following requirements are met:

> (1) the petition raises a claim that is based on a retroactively applicable Supreme Court decision; (2) the claim was previously foreclosed by circuit law at the time when [it] should have been raised in petitioner's trial, appeal or first § 2255 motion; and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense.

Garland v. Roy, 615 F.3d 391, 394 (5th Cir. 2010) (internal quotations marks omitted) (quoting Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001)). The petitioner has the burden

of demonstrating that each of these factors apply, thereby showing that the remedy provided by section 2255 is "inadequate or ineffective." Garland, 615 F.3d at 384 (quoting Christopher v. Miles, 342 F.3d 378, 382 (5th Cir. 2003)). Here, Macias-Munoz incorrectly claims that he can meet each of these three requirements in light of the Supreme Court's decision in United States v. Cuellar, 553 U.S. 550 (2008).[1]

Applying these three factors, Macias-Munoz is correct that he can meet the first factor because Cuellar is indeed a "new" Supreme Court decision that substantially defines a criminal offense. See Garland, 615 F.3d at 396 ("[O]ur case law establishes that new decisions interpreting federal statutes that substantively define criminal offenses automatically apply retroactively."). As for whether he could have relied on Cuellar in his section 2255 motion to vacate, the answer is not entirely clear based on the record presented by Respondent. But, Macias-Munoz's petition clearly fails on the last factor. He cannot demonstrate that Cuellar "establishes

---

[1] The Court is taking Macias-Munoz's argument at face value. Respondent attempts to construe the saving-clause claim as arising under United States v. Santos, 553 U.S. 507 (2008) and that decision's subsequent application by the Fifth Circuit in Wilson v. Roy, 643 F.3d 433, 435-37 (5th Cir. 2011), cert. denied, --- U.S. ----, (2012), perhaps because those decisions, not Cuellar, address the money laundering subsection under which Macias-Munoz was found guilty. But Macias-Munoz resists this interpretation, see Reply Br. at 3, docket no. 10, perhaps because Wilson v. Roy is unequivocal that United States v. Santos's receipts versus profits distinction is a non-starter "when the laundered money is derived from the sale of drugs and other contraband." Wilson, 643 F.3d at 436.

that [he] may have been convicted of a nonexistent offense" simply because he was convicted under a different money laundering subsection than the subsection addressed in Cuellar. See Judgment, United States v. Macias-Munoz, No. EP-92-Cr-132-H(1) (W.D. Tex. Jan. 27, 1995); United States v. Gaytan, 74 F.3d 545, 555 (5th Cir. 1996); Garland, 615 F.3d at 394 (internal quotation marks and citation omitted). The Cuellar Court expressly limited its holding to money laundering convictions under subsection 1956(a)(2), but Macias-Munoz was found guilty of money laundering under subsection 1956(a)(1). See Ledee v. United States, 2011 WL 4101515, *3 (M.D. Ala. June 9, 2011). For this reason alone, the instant 2241 habeas corpus petition must be denied.

But even if the Court entertained Macias-Munoz's attempt to apply Cuellar's reasoning to subsection 1956(a)(1), it is not readily applicable. As the Court understands his argument, Macias-Munoz believes that the rationale for the Fifth Circuit's denial of his direct appeal is at odds with the principles espoused in Cuellar. That argument is incorrect. The Supreme Court's primary concern in Cuellar was whether the evidence established that the defendant had the "design" to conceal the "nature, the location, the source, the ownership, or the control" of the illegal funds. Cuellar, 553 U.S. at 568; see also Sims v. Holland, 2013 WL 1628241, at *3 (E.D. Ky. Apr. 15, 2013). In contrast, the narrow question addressed by the Fifth Circuit in examining Macias-Munoz's

4

conviction was whether there was sufficient evidence to establish that he conducted or attempted to conduct a "financial transaction," which was the first element of a money laundering offense under subsection 1956(a)(1)(A)(i). See Gaytan, 74 F.3d at 556 (citing United States v. Puig-Infante, 19 F.3d 929, 937 (5th Cir. 1994)). The Fifth Circuit concluded that United States had indeed proved this essential element because Macias-Munoz "disposed" of the funds. See Gaytan, 74 F.3d at 556. This conclusion, that Macias-Munoz completed a financial transaction by disposing of the funds, is not in conflict with the Cuellar Court's concern with whether the Government had proved the "design" element of subsection 1956(a)(2)(B). Accordingly,

The Court hereby finds that the Report and Recommendation [**docket no. 14**] is moot in light of the decision to dismiss rather than transfer the petition. **IT IS FURTHER ORDERED** that Respondent's Motion to Change Venue [**docket no. 8**] is **DISMISSED** as moot. **IT IS FURTHER ORDERED** that the instant Petition for Writ of Habeas Corpus is **DISMISSED.** A separate final judgment shall issue forthwith dismissing the instant § 2241 habeas corpus petition with prejudice.

So **ORDERED**, this the 11th day of July, 2013.

                                           /s/ David Bramlette
                                       **UNITED STATES DISTRICT JUDGE**